UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GILLETTE COMPANY and THE PROCTER & GAMBLE COMPANY, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Zond, Inc. ("Zond") files this Complaint for Patent Infringement

("Complaint") against Defendants The Gillette Company and The Procter & Gamble Company

(collectively, "Gillette"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Zond seeks a

judgment of infringement by Gillette of U.S. Patent Nos. 7,147,759 (the "'759 Patent"),

6,896,775 (the "'775 Patent"), 6,853,142 (the "'142 Patent"), 7,604,716 (the "'716 Patent"),

6,896,773 (the "'773 Patent"), 7,811,421 (the "'421 Patent"), 6,805,779 (the "'779 Patent"),

7,808,184 (the "'184 Patent"), 6,806,652 (the "'652 Patent"), and 8,125,155 (the "'155

Patent") and damages resulting therefrom pursuant to 35 U.S.C. § 284, as well as preliminary

and permanent injunction of the infringing activity pursuant to 35 U.S.C. § 283, and such other

relief as the Court deems just and proper, and in support thereof alleges as follows:

### The Parties

1.      Zond is a Delaware corporation with a principal place of business at 137A

High Street, Mansfield, MA 02048.  Zond wholly owns Zpulser, LLC ("Zpulser"), also based

in Mansfield, MA.  Zpulser commercializes Zond's patented technology by manufacturing

and selling unique high-power plasma generators.

2.      The Gillette Company is a Delaware corporation with a principal place of business at One Gillette Park, Boston, MA 02127.   The Gillette Company is a wholly-owned subsidiary of The Procter & Gamble Company.

3.      The Procter & Gamble Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at One Procter & Gamble Plaza, Cincinnati, OH 45202.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

5.      This Court has personal jurisdiction over Gillette at least by virtue of Gillette having conducted business in this District and having committed one or more acts of infringement in this District.

6.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## The Ten (10) Patents-in-Suit

7.      Zond is the owner of the '759 Patent entitled "High-Power Pulsed Magnetron Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on December 12, 2006.  A true and correct copy of the '759 Patent is attached hereto as Exhibit A.

8.      Zond is the owner of the '775 Patent entitled "High-Power Pulsed Magnetically Enhanced Plasma Processing," which the United States Patent & Trademark Office lawfully and duly issued on May 24, 2005.  A true and correct copy of the '775 Patent

is attached hereto as Exhibit B.

9.      Zond is the owner of the '142 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on February 8, 2005.  A true and correct copy of the '142 Patent is attached hereto as Exhibit C.

10.     Zond is the owner of the '716 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on October 20, 2009.  A true and correct copy of the '716 Patent is attached hereto as Exhibit D.

11.     Zond is the owner of the '773 Patent entitled "High Deposition Rate Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on May 24, 2005.  A true and correct copy of the '773 Patent is attached hereto as Exhibit E.

12.     Zond is the owner of the '421 Patent entitled "High Deposition Rate Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on October 12, 2010.  A true and correct copy of the '421 Patent is attached hereto as Exhibit F.

13.     Zond is the owner of the '779 Patent entitled "Plasma Generation Using Multi-Step Ionization," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004.  A true and correct copy of the '779 Patent is attached hereto as Exhibit G.

14.     Zond is the owner of the '184 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent & Trademark Office lawfully and duly issued on October 5, 2010.  A true and correct copy of the '184 Patent is attached hereto as Exhibit H.

15.     Zond is the owner of the '652 Patent entitled "High-Density Plasma Source Using Excited Atoms," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004.  A true and correct copy of the '652 Patent is attached hereto as Exhibit I.

16.     Zond is the owner of the '155 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent & Trademark Office lawfully and duly issued on February 28, 2012.  A true and correct copy of the '155 Patent is attached hereto as Exhibit J.

## SUMMARY OF KEY FACTS

17.     In 2009, Gillette entered talks with Zond regarding its unique plasma discharge patented technology, which continued through most of 2010.  High level Gillette management, including the Vice President of Research & Development Grooming and Global Business Development were involved in the talks.  Gillette solicited information from Zond regarding its patents and patent applications as well as the products based on Zond's patented technology.  Gillette's research and development and legal team studied Zond's patents.  In fact, Gillette cited over 30 of Zond's patents and patent applications in its own patent.

18.     During the period of the talks between Gillette and Zond, Gillette released its Fusion ProGlide razor blade, which uses Zond's patented technology for key competitive features of the blades.  Having studied Zond's patent portfolio and the information regarding Zond's patented technology, Gillette made a deliberate choice to ignore Zond's patent rights and use its patented technology in its multibillion dollar razor blade product line without compensating Zond for its inventions and hard work.

## ZOND'S PATENTED TECHNOLOGY

19.     Founded in 2002, Zond is a technology development company based outside of Boston in Mansfield, Massachusetts.  With its President and Co-Founder Dr. Roman Chistyakov at the helm, Zond has been developing a unique plasma discharge technology, which is protected by over 30 patents and patent applications pending throughout the world, including 18 patents that have issued in the United States.  Dr. Chistyakov is the named inventor on all ten (10) of Zond's patents-in-suit.  These patents are generally directed to the generation, use and/or applications of a unique plasma discharge technology that employs a strongly ionized plasma of commercial significance and has wide-ranging applicability in various industries, as described further below.

20.     In 2005, Zpulser was created as the marketing and sales arm of Zond to commercialize Zond's patented technology.  Zpulser offers a revolutionary product line of plasma generators that are commercially practicable and allow for use of the technology in a manufacturing environment.  For example, Zpulser's plasma generators address the importance of voltage rise time, amplitude and/or duration for generating and using strongly ionized plasmas, without the detrimental effects of arc discharges, in a manufacturing environment.

21.     Zond's strongly ionized plasma technology has applications in various industries ranging from consumer products such as razor blades to electronics such as semiconductor chips and flat panel displays, which provides numerous competitive advantages over alternative and older technology.  For example, in the razor blade industry, Zond's patented technology provides a commercially practicable process to sharpen, coat and protect blades better than competing technology.  In particular, Zond's patented plasma

technology enables magnetron sputtering to be used to sharpen steel blades in an industrial environment without the drawbacks of arc discharging.  Without Zond's patented technology, such a sharpening step would not be commercially practicable.  In addition, Zond's patented technology allows for better adhesion of coatings to the blade edge in comparison to competing technology.  Furthermore, Zond's patented technology allows higher quality coatings (e.g., with improved hardness) to be deposited in comparison to competing technology.

22.     As explained further below, Gillette began incorporating Zond's patented plasma technology into its product offerings beginning at least since the introduction of its Fusion ProGlide razor in 2010.  Indeed, tests have confirmed the presence and use of certain chemical elements in the Fusion ProGlide razor in a manner that could only have been incorporated using Zond's patented technology.  Upon information and belief, the technology has been so successful that Gillette has also modified its manufacturing processes used to make its predecessor Fusion and Venus razors by incorporating Zond's patented plasma technology into those products as well.

23.     Gillette has recognized Zond's plasma technology and inventions in this area. For example, in Gillette's own U.S. Patent No. 7,966,909 (the "'909 Patent"), entitled "Process of Forming a Razor Blade," and naming as inventors John Madeira, Arutiun Papken Ehiasarian, Papken Ehiasar Hovsepian, Krassimir Grigorov Marchev, and Neville Sonnenberg, over 30 of Zond's patents and patent applications dominate the list of cited references, as can be seen from the excerpt below.

**US 7,966,909 B2**
Page 2

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 6,296,742 B1 | 10/2001 | Kouznetsov |
| 6,330,750 B1 | 12/2001 | Meckel |
| 6,503,373 B2 | 1/2003 | Eerden et al. |
| 6,805,779 B2 | 10/2004 | Chistyakov |
| 6,806,651 B1 | 10/2004 | Chistyakov |
| 6,806,652 B1 | 10/2004 | Chistyakov |
| 6,853,142 B2 | 2/2005 | Chistyakov |
| 6,866,894 B2 | 3/2005 | Trankiem et al. |
| 6,896,773 B2 | 5/2005 | Chistyakov |
| 6,896,775 B2 | 5/2005 | Chistyakov |
| 6,903,511 B2 | 6/2005 | Chistyakov |
| 7,095,179 B2 | 8/2006 | Chistyakov |
| 7,147,759 B2 | 12/2006 | Chistyakov |
| 7,345,429 B2 | 3/2008 | Chistyakov |
| 7,446,479 B2 | 11/2008 | Chistyakov |
| 7,604,716 B2 | 10/2009 | Chistyakov |
| 7,663,319 B2 | 2/2010 | Chistyakov et al. |
| 7,750,575 B2 | 7/2010 | Chistyakov |
| 7,808,184 B2 | 10/2010 | Chistyakov |
| 7,811,421 B2 | 10/2010 | Chistyakov |
| 2004/0060813 A1 | 4/2004 | Chistyakov |
| 2004/0082187 A1 | 4/2004 | Chistyakov |
| 2004/0085023 A1 | 5/2004 | Chistyakov |
| 2004/0094411 A1 | 5/2004 | Chistyakov |
| 2004/0182702 A1 | 9/2004 | Chistyakov |
| 2004/0212311 A1 | 10/2004 | Chistyakov |
| 2004/0212312 A1 | 10/2004 | Chistyakov |
| 2004/0222745 A1 | 11/2004 | Chistyakov |
| 2005/0006220 A1 | 1/2005 | Chistyakov |
| 2005/0034666 A1 | 2/2005 | Chistyakov |
| 2005/0103620 A1 | 5/2005 | Chistyakov |
| 2005/0109607 A1 | 5/2005 | Ehiasarian et al. |
| 2005/0167263 A1 | 8/2005 | Chistyakov |
| 2005/0178654 A1 | 8/2005 | Chistyakov |

| | | | |
|---|---|---|---|
| 2005/0184669 A1 | 8/2005 | Chistyakov |
| 2005/0211543 A1 | 9/2005 | Chistyakov |
| 2005/0252763 A1 | 11/2005 | Chistyakov |
| 2006/0066248 A1 | 3/2006 | Chistyakov |
| 2006/0175197 A1 | 8/2006 | Chistyakov |
| 2006/0277767 A1 | 12/2006 | Sun et al. |
| 2006/0279223 A1 | 12/2006 | Chistyakov |
| 2007/0034497 A1 | 2/2007 | Chistyakov |
| 2007/0119701 A1 | 5/2007 | Chistyakov |
| 2007/0181417 A1 | 8/2007 | Chistyakov et al. |
| 2007/0188104 A1 | 8/2007 | Chistyakov et al. |
| 2008/0260478 A1* | 10/2008 | Hovsepian et al. .......... 407/119 |
| 2009/0032191 A1 | 2/2009 | Chistyakov |
| 2009/0321249 A1 | 12/2009 | Chistyakov et al. |
| 2010/0101935 A1 | 4/2010 | Chistyakov et al. |
| 2010/0270144 A1 | 10/2010 | Chistyakov |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| GB | 2 425 780 | 11/2006 |
| WO | WO 92/19425 | 11/1992 |
| WO | WO 2004/029322 | 4/2004 |
| WO | WO 2005/090632 | 9/2005 |
| WO | WO 2006/027016 A1 | 3/2006 |
| WO | WO 2006/079361 | 8/2006 |
| WO | WO 2007/009634 A1 | 1/2007 |

OTHER PUBLICATIONS

Helmersson, U., et al., "Ionized physical vapor deposition (IPVD): A review of technology and applications", Thin Solid Films 513 (2006) 1-24.
Ehiasarian, A.P., et al., "Interface microstructure engineering by high power impulse magnetron sputtering for the enhancement of adhesion", Journal of Applied Physics 101, 054301, pp. 1-10 (2007).

* cited by examiner

24.     As explained further below, Zond's patented plasma technology pre-dates the technology described in Gillette's '909 Patent by over five years.  In addition, Gillette developed and introduced its Fusion ProGlide razor knowing about Zond's patented plasma technology.  In fact, Zond and Gillette entered into discussions back in 2009 regarding a business transaction to lawfully employ Zond's patented technology.  However, instead of doing the right thing and respecting Zond's patent rights, Gillette chose to ignore Zond's rights and proceed with the introduction of razor blade products that infringe Zond's patents.  Under the circumstances described below, and those to be more fully developed through discovery in this action, Gillette's infringement has been willful and its business dealings with Zond have been underhanded.  Accordingly, Gillette's conduct should be punished and the damages for willful patent infringement in this case should be trebled.  In addition, because

this case is exceptional, Gillette should pay Zond's attorneys' fees and costs of bringing this action and enforcing its patent rights.

**WILLFUL INFRINGEMENT:**
**GILLETTE'S AWARENESS AND USE OF ZOND'S PATENTED TECHNOLOGY**

25.     Gillette has been well aware of Zond's patent rights since at least 2007 when it initially brought Zond's '142 Patent to the attention of the United States Patent & Trademark Office when it was prosecuting the original application that led to Gillette's '909 Patent.

26.     Zond and Gillette entered into a negotiation of a potential business transaction in connection with Zond's patented technology in November 2009.

27.     After an introductory call between Zond and Gillette on November 12, 2009, Gillette's Manager, External Business Development, Robert Bourbon, wrote to Zond: "I think this patent [referring to an application which resulted in the '421 Patent], and any other perspective you can provide will be important as we work to understand 'what's different' vs. what our folks here already know about regarding your technology."  Mr. Bourbon also asked in the same communication for information regarding Zond's '421 Patent, then still an application at the PTO, on a "nonconfidential basis."  Trusting that Gillette was acting in good faith, Zond provided additional information on its business and technology.  As explained further below, and to be further confirmed with discovery, it is now apparent Gillette was not acting in good faith.

28.     Dr. Sonnenberg, a named inventor on Gillette's '909 Patent responsible for "Connect & Develop Grooming" at Gillette, who was also on the November 12, 2009 call, wrote to Zond on February March 31, 2010 regarding the information Zond provided to Gillette claiming:  "This was very helpful, and allowed us to further evaluate your technology. I have had detailed discussions with both our upstream and downstream R&D organizations

on this.  At present this technology **does not fit in** with our current needs" (emphasis added).

At the time of the March 31, 2010 email from Dr. Sonnenberg, Gillette was still trying to

obtain its own patent in the same field as the '421 Patent.

29.     On information and belief, Gillette's representation that, as of March 31, 2010,

Zond's patented technology did not "fit in with [its] current needs" was not true and was

therefore a misrepresentation.  In particular, on information and belief, the representation was

false given Gillette's concurrent and secret plan to manufacture and sell Fusion ProGuide

razor blades using Zond's patented plasma technology without informing Zond.

30.     Indeed, after receiving from Zond a copy of the Notice of Allowance of the

'421 Patent, just a month later on April 26, 2010, Dr. Sonnenberg suddenly changed course

and reached out to Zond to set up another high-level in-person meeting between Gillette and

Zond, which Gillette again insisted be "non-confidential" ("Thank you for agreeing to have

the first meeting without a confidentiality agreement.").

31.     The in-person meeting between Gillette and Zond took place on May 11, 2010

at One Gillette Park in Boston.  The Gillette participants included Dr. Sonnenberg, Carl

Haney (Vice President, Research & Development Grooming) and Dan Cobb (Global Business

Development).  Again trusting that Gillette was acting in good faith, Zond presented to

Gillette its patented technology.

32.     Dr. Sonnenberg followed up with Zond after the May 11, 2010 meeting

requesting still further information regarding Zond's patent rights ("We are trying to confirm

the 16 patents you referred to in the meeting.  You said there were 13 granted and 3

pending.").  This request is inconsistent with Dr. Sonnenberg's representation made less than

two (2) months earlier that Zond's "technology [did] not fit in with our current needs."  On

information and belief, if Zond's technology did not actually "fit in" with Gillette's current needs as it previously claimed, there would have been no reason for Dr. Sonnenberg to request more information on Zond's patented plasma technology.

33. On June 22, 2010, Dr. Sonnenberg reached out again to Zond to request a second meeting: "A team from R&D and legal have taken a look at your patent portfolio.  I think it makes sense for us to have a follow up meeting on how to proceed."  On information and belief, Gillette determined that its lawyers should be involved with the second meeting because it was planning on using Zond's patented plasma technology in its next generation razor blade technology without regard to the U.S. patent laws.

34. On August 9, 2010, Dr. Sonnenberg followed up further to suggest a meeting on August 20, 2010:  "Our technical community would like to talk to you regarding your power supply and possible testing at our site.  You will have a technical audience who are familiar with power supplies in general and will have some knowledge of your product."  On information and belief, some time prior to August 20, 2010, Gillette determined that it would employ Zond's patented plasma technology in its next generation razor blade technology without regard to Zond's patent rights. On information and belief, and to be further confirmed through discovery, Gillette was not acting in good faith when it arranged this follow-up meeting.

35. Indeed, the "technical community" was absent at the August 20, 2010 meeting. Other than Dr. Sonnenberg and an attorney, only technicians were present from Gillette, and the meeting was not productive.

36. In the period between the initial November 2009 phone call and the August 2010 meeting between Gillette and Zond, Gillette introduced its Fusion ProGlide razor blade.

37.     On August 24, 2010, Zond forwarded to Dr. Sonnenberg a letter from Dr. Chistyakov to Gillette's patent prosecutor informing him that in the pending application for Gillette's '909 Patent, Gillette was attempting to claim subject matter already claimed in Zond's earlier patent applications.

38.     On September 15, 2010, Dr. Sonnenberg responded to Zond's repeated attempts to follow up on next steps after the second meeting:  "Yes our legal department has received your letter.  They will respond to you directly.  We are in the process of discussing our longer term technology strategy for blades and razors and will contact you when we have formulated this.  We greatly appreciate your time."  Gillette's claim that it will "respond to [Zond] directly" was not true and constitutes another misrepresentation, further confirming Gillette's lack of good faith in dealing with Zond.  Indeed, after that email, Gillette ceased all communication with Zond.  Accordingly, Zond invested almost a year of effort into a potential business deal with Gillette assuming its counterpart was acting in good faith.  In the end, Gillette did not even have the courtesy to provide any explanation for its conduct, including the abrupt ending to the discussions.  On information and belief, such conduct further confirms Gillette's lack of good faith and secret plan to manufacture and use the Fusion ProGuide razor blade using Zond's patented plasma technology without regard to the U.S. patent laws.

39.     Three years later, at a conference in April 2013, Dr. Marchev, who is also named as an inventor on Gillette's '909 Patent and who was formerly employed by Gillette, provided Zond with information confirming that Gillette has been using Zond's patented plasma technology to manufacture its razor blades at least since 2010.

40.     Gillette, including without limitation its employees John Madeira, Krassimir

Marchev and Dr. Sonnenberg and consultants Arutiun Ehiasarian and Papken Hovsepian, has been well aware of Zond's patents, has studied them, and knows the scope of Zond's patent rights.

41.     Gillette is well aware that its products have been infringing Zond's patent rights for years.

42.     Gillette considered a business deal with Zond to acquire rights to Zond's patented technology.

43.     However, upon information and belief, instead of obtaining lawful rights to practice Zond's inventions and paying Zond a well-deserved royalty on the inventions that reflect years of research and development, Gillette opted to continue unlawfully practicing Zond's patented technology.

44.     Upon information and belief, Gillette chose to use the patented technology of a small startup without paying for it because it calculated that the windfall from practicing Zond's inventions for free was well worth the risk that the small startup would not have the means and wherewithal to discover the infringement and be in the position to properly protect its patent rights.

45.     Upon information and belief, with issuance of each new Zond patent since at least August of 2010, Gillette analyzed each new Zond patent and in each instance made the decision to continue unlawfully practicing Zond's patented technology.

46.     Gillette's continuous and systematic acts of willful infringement of Zond's patent rights must stop.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '759 Patent)

47.     Zond incorporates by reference paragraphs 1 through 46 of the Complaint as if

set forth here in full.

48.      Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '759 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its razor blade products, including without limitation Fusion ProGlide, Venus, Fusion, Fusion Power and Fusion ProGlide Power (hereinafter, "Infringing Products").

49.      As a result of Gillette's unlawful infringement of the '759 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

50.      Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '759 Patent, demonstrates a deliberate and conscious decision to infringe the '759 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '759 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

51.      Gillette will continue to infringe the '759 Patent unless and until it is enjoined by this Court.

52.      Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '775 Patent)

53.      Zond incorporates by reference paragraphs 1 through 52 of the Complaint as if set forth here in full.

54.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '775 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

55.     As a result of Gillette's unlawful infringement of the '775 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

56.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '775 Patent, demonstrates a deliberate and conscious decision to infringe the '775 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '775 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

57.     Gillette will continue to infringe the '775 Patent unless and until it is enjoined by this Court.

58.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (Infringement of the '142 Patent)

59.     Zond incorporates by reference paragraphs 1 through 58 of the Complaint as if set forth here in full.

60.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '142 Patent by making, using, offering to sell, and/or

selling within the United states, and/or importing into the United States, without authority, its Infringing Products.

61.     As a result of Gillette's unlawful infringement of the '142 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

62.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '142 Patent, demonstrates a deliberate and conscious decision to infringe the '142 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '142 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

63.     Gillette will continue to infringe the '142 Patent unless and until it is enjoined by this Court.

64.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Infringement of the '716 Patent)

65.     Zond incorporates by reference paragraphs 1 through 64 of the Complaint as if set forth here in full.

66.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '716 Patent by making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, without authority, its Infringing Products.

67.     As a result of Gillette's unlawful infringement of the '716 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

68.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '716 Patent, demonstrates a deliberate and conscious decision to infringe the '716 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '716 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

69.     Gillette will continue to infringe the '716 Patent unless and until it is enjoined by this Court.

70.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Infringement of the '773 Patent)

71.     Zond incorporates by reference paragraphs 1 through 70 of the Complaint as if set forth here in full.

72.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '773 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

73.     As a result of Gillette's unlawful infringement of the '773 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the

damages adequate to compensate for such infringement, which have yet to be determined.

74.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '773 Patent, demonstrates a deliberate and conscious decision to infringe the '773 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '773 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

75.     Gillette will continue to infringe the '773 Patent unless and until it is enjoined by this Court.

76.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### (Infringement of the '421 Patent)

77.     Zond incorporates by reference paragraphs 1 through 76 of the Complaint as if set forth here in full.

78.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '421 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

79.     As a result of Gillette's unlawful infringement of the '421 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

80.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including

specifically the '421 Patent, demonstrates a deliberate and conscious decision to infringe the '421 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '421 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

81.     Gillette will continue to infringe the '421 Patent unless and until it is enjoined by this Court.

82.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

**SEVENTH CLAIM FOR RELIEF**
**(Infringement of the '779 Patent)**

83.     Zond incorporates by reference paragraphs 1 through 82 of the Complaint as if set forth here in full.

84.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '779 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

85.     As a result of Gillette's unlawful infringement of the '779 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

86.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '779 Patent, demonstrates a deliberate and conscious decision to infringe the '779 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the

United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '779 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

87.      Gillette will continue to infringe the '779 Patent unless and until it is enjoined by this Court.

88.      Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

### EIGHTH CLAIM FOR RELIEF
### (Infringement of the '184 Patent)

89.      Zond incorporates by reference paragraphs 1 through 88 of the Complaint as if set forth here in full.

90.      Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '184 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

91.      As a result of Gillette's unlawful infringement of the '184 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

92.      Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '184 Patent, demonstrates a deliberate and conscious decision to infringe the '184 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '184 Patent.  As a result, Zond is entitled to treble damages and

attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

93.     Gillette will continue to infringe the '184 Patent unless and until it is enjoined by this Court.

94.     Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## NINTH CLAIM FOR RELIEF
### (Infringement of the '652 Patent)

95.     Zond incorporates by reference paragraphs 1 through 94 of the Complaint as if set forth here in full.

96.     Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '652 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

97.     As a result of Gillette's unlawful infringement of the '652 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

98.     Furthermore, Gillette's knowledge of Zond's patent portfolio, including specifically the '652 Patent, demonstrates a deliberate and conscious decision to infringe the '652 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '652 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

99.     Gillette will continue to infringe the '652 Patent unless and until it is enjoined by this Court.

100.    Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## TENTH CLAIM FOR RELIEF
### (Infringement of the '155 Patent)

101.    Zond incorporates by reference paragraphs 1 through 100 of the Complaint as if set forth here in full.

102.    Upon information and belief, Gillette has been and is currently directly infringing one or more claims of the '155 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Infringing Products.

103.    As a result of Gillette's unlawful infringement of the '155 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Gillette the damages adequate to compensate for such infringement, which have yet to be determined.

104.    Furthermore, Gillette's knowledge of Zond's patent portfolio, including, upon information and belief, the '155 Patent, demonstrates a deliberate and conscious decision to infringe the '155 Patent.  Therefore, Gillette's making, using, offering to sell, and/or selling within the United states, and/or importing into the United States, its Infringing Products constitutes willful infringement of the '155 Patent.  As a result, Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

105.    Gillette will continue to infringe the '155 Patent unless and until it is enjoined by this Court.

106.    Gillette's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Gillette is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Zond prays for a Judgment in favor of Zond and against Gillette as follows:

1.    That Gillette has infringed the '759, '775, '142, '716, '773, '421, '779, '184, '652, and '155 Patents;

2.    That Gillette's infringement of the '759, '775, '142, '716, '773, '421, '779, '184, '652, and '155 Patents is willful;

3.    That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Gillette;

4.    An order preliminarily and permanently enjoining Gillette and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '759, '775, '142, '716, '773, '421, '779, '184, '652, and '155 Patents;

5.    A full accounting for and an award of damages to Zond for Gillette's infringement of the '759, '775, '142, '716, '773, '421, '779, '184, '652, and '155 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

6.    An award of Zond's reasonable attorneys' fees, expenses, and costs; and

7.    A grant of such other and further equitable or legal relief as this Court deems proper.

22

**DEMAND FOR JURY TRIAL**

Zond hereby demands trial by jury on all claims and issues so triable.


Dated:  July 1, 2013

Respectfully submitted,

ZOND, INC.

By its counsel,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BB0#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com

*Of Counsel:*

David C. Radulescu, Ph.D.
Tigran Vardanian
Gregory S. Maskel
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
greg@radulescullp.com