UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE GILLETTE COMPANY and THE PROCTER & GAMBLE COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 1:13-cv-11567-DJC |

**ZOND, INC.'S OPPOSITION TO TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, TSMC NORTH AMERICA CORP., FUJITSU SEMICONDUCTOR LIMITED, AND FUJITSU SEMICONDUCTOR AMERICA, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR CONSOLIDATION OR COORDINATION OF RELATED CASES FILED BY PLAINTIFF ZOND, INC., OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO SAME**

I. **INTRODUCTION**

The Moving Non-Parties'[1] motion to file a reply memorandum (the "Motion") is improper for at least two reasons. First, to seek leave to file a reply brief, the Moving-Non-Parties must first have Court approval to intervene in this case before they can seek leave to file a reply brief. While the Moving-Non Parties have moved this Court to permit their intervention (D.I. 26), they failed to substantiate that motion, including by filing a memorandum in support thereof, as required by the rules. Thus, the Moving-Non Parties have jumped the gun by filing the instant Motion before the Court's ruling on their pending motion to intervene, especially given that the motion to intervene was improper and deficient.

Second, the Moving Non-Parties' rationale for the Motion is, in part, to respond to a number of opposition briefs filed by non-parties to this action. These opposition briefs also are not yet properly before the Court because they are the subject of pending motions to intervene filed by those non-parties. As such, the Moving Non-Parties' use of a reply brief to respond to arguments not raised in the responses filed by the parties in this case, but rather to arguments discussed in pleadings by non-parties, which have not yet been allowed in the case, is improper. Thus, the Moving Non-Parties' motion seeking leave to file a reply memorandum should be denied as both premature and improper.

However, and in the alternative, should the Court grant the Moving Non-Parties' Motion, Zond, Inc. ("Zond") respectfully requests leave to file a sur-reply in response to Defendants'

---

[1] For ease of reference, Defendants Taiwan Semiconductor Manufacturing Company Limited, TSMC North America Corp. (together, "TSMC") and Fujitsu Semiconductor Limited, and Fujitsu Semiconductor America, Inc. (together "Fujitsu") will be collectively referred to herein as the "Moving Non-Parties." The Moving Non-Parties are defendants in a patent infringement case filed by Zond in this District and currently pending before Judge Young. (Case No. 1:13-cv-11634-WGY.)

proposed reply (D.I. 45-1). Neither the Moving Non-Parties nor the Gillette Company ("Gillette") oppose this request.

## II. FACTS

On January 27, 2014, the Moving Non-Parties filed an opposed motion (1) seeking leave to intervene in this case and (2) for consolidation or coordination of all seven cases brought by Zond in this district. *See* D.I. 26. Zond opposed the motion to intervene on a number of procedural grounds, and explained why a wholesale consolidation was not workable, but agreed that some coordination may be practical. *See* D.I. 37. Subsequently, five other non-parties—all defendants in cases filed by Zond in this district (D.I. 27)—moved this Court for permission to intervene in this action for the limited purpose of opposing consolidation.[2] *See* D.I. 31, 32, 34, 35, 38. The Moving Non-Parties' motion to intervene and consolidate, as well as the non-parties' motions to intervene are all still pending.

The Moving Non-Parties then filed an opposed motion seeking leave to file a reply memorandum in support of their motion for consolidation and in response to various oppositions to that motion. *See* D.I. 45.

## III. ARGUMENT

### A. Defendants' Motion Is Premature And Improper

The Court has not granted leave for the Moving Non-Parties to intervene or accepted their motion to consolidate. Furthermore, the Court has not granted leave for the other defendants, also non-parties to this action, to file oppositions to such a motion. Because the Moving Non-Parties' Motion purports to respond to numerous papers not yet formally filed in this case, such a motion is premature, and it should be denied on that basis alone.

Moreover, the Moving Non-Parties have not properly moved this Court for leave to

---

[2] A sixth non-party later joined one of the five non-party oppositions. *See* D.I. 43.

intervene, and thus improperly seek to file a reply in support of a defective motion. The Moving Non-Parties' motion for intervention (D.I. 26) remains unsupported by a legal memorandum, even though this deficiency was brought to the Moving Non-Parties' attention repeatedly in Zond's response papers and correspondence with the Moving Non-Parties. *See* D.I. 37 at 6; D.I. 45-3. Failure to submit a "memorandum of reasons, including citation of supporting authorities, why the motion should be granted" violates Local Rule 7.1 and is grounds for dismissal. L.R. 7.1(b)(1); *see also* L.R. 1.3, D.I. 37 at 6-7. Without authority to intervene or a proper motion seeking such authority, the Moving Non-Parties, as non-parties to this litigation, do not have standing to seek leave to file a reply in this case, and such a request should be denied.

### B. Alternatively, If the Moving Non-Parties' Motion is Granted, Zond Seeks Leave to File a Sur-reply

In the event that the Court grants the Moving Non-Parties' Motion, Zond respectfully moves the Court for leave to file a sur-reply memorandum in response to the Moving Non-Parties' proposed reply pursuant to Local Rule 7.1(b)(3). Zond has met and conferred with the Moving Non-Parties and Gillette, and neither opposes such a motion. Zond's proposed sur-reply memorandum is attached hereto as Exhibit A.

Zond's sur-reply memorandum addresses a number of factual and legal arguments raised for the first time in the Moving Non-Parties' proposed reply memorandum. Zond's surreply will clarify these new issues and assist the Court in ruling on the Moving Non-Parties' proposed motion for consolidation.

## IV. CONCLUSION

For the foregoing reasons, Zond respectfully requests that the Court deny the Moving Non-Parties' Motion for Leave to File a Reply Memorandum or, in the alternative, grant Zond's Motion for Leave to File a Sur-reply Memorandum.

Dated:  March 10, 2014                     Respectfully submitted,

                                                ZOND, INC.

                                                By its counsel,

/s/ *Tigran Vardanian*
David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BB0#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com

David C. Radulescu, Ph.D.
Tigran Vardanian
Etai Lahav
Gregory S. Maskel
Robin M. Davis
Daniel Kesack
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
etai@radulescullp.com
greg@radulescullp.com
robin@radulescullp.com
daniel@radulescullp.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I hearby certify that counsel for Zond conferred via e-mail with counsel for the TSMC and Fujitsu Defendants (the "Moving Non-Parties") and with counsel for Gillette in a good faith attempt to resolve or narrow the issues presented in this motion in the alternative.  Counsel for the Moving Non-Parties and Gillette have indicated that they will not oppose the requested relief.

/s/ *Tigran Vardanian*
Tigran Vardanian

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 10, 2014.

/s/ *Tigran Vardanian*
Tigran Vardanian