**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZOND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-CV-11567 |
| ) | |
| THE GILLETTE COMPANY and ) | |
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY
PENDING *INTER PARTES* REVIEW BY THE GILLETTE COMPANY
AND THE PROCTER & GAMBLE COMPANY**

**TABLE OF CONTENTS**

I.   **INTRODUCTION** ............................................................................................................- 1 -
II.  **STATEMENT OF FACTS** ..........................................................................................- 4 -
III. **ARGUMENT** ..................................................................................................................- 5 -
    A.    **Staying This Case Will Simplify The Issues And Promote Judicial Economy** ...............................................................................................................- 6 -
    B.    **A Stay Of This Proceeding Will Neither Unduly Prejudice Nor Tactically Disadvantage Zond** ...................................................................- 10 -
        1.    *Zond And Gillette Are Not Competitors* ...............................................- 11 -
        2.    *Gillette Has Filed This Motion To Stay And Its IPR Petitions Promptly* ..................................................................................................- 11 -
        3.    *Any Delay Caused By The IPRs And The Stay Will Not Prejudice Zond* ...........................................................................................................- 12 -
    C.    **The Early Stage Of This Litigation Strongly Favors A Stay** ......................- 13 -
IV.  **CONCLUSION** ............................................................................................................- 14 -

## TABLE OF AUTHORITIES

**CASES**

*ADA Solutions, Inc. v. Engineered Plastics, Inc.*,
   826 F. Supp. 2d 348 (D. Mass. 2011) ...................................................................................11

*Adrain v. Vigilant Video, Inc.*,
   2013 WL 1984369 (E.D. Tex. May 13, 2013) ........................................................................9

*Akeena Solar Inc. v. Zep Solar Inc.*,
   2011 WL 2669453 (N.D. Cal. July 7, 2011) ...........................................................................8

*Alloc, Inc. v. Unilin Decor N.V.*,
   2003 WL 21640372 (D. Del. July 11, 2003) ..........................................................................7

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC*,
   2013 U.S. Dist. LEXIS 171890 (C.D. Cal. May 22, 2013) ...................................................10

*Brixham Solutions Ltd. v. Juniper Networks, Inc.*,
   No. 13-cv-00616 (N.D. Cal. Apr. 28, 2014) ........................................................................7, 9

*Celorio v. On Demand Books LLC*,
   2013 WL 4506411 (D. Del. Aug. 21, 2013) ............................................................................9

*Cynosure, Inc. v. Cooltouch Inc.*,
   2009 WL 2462565 (D. Mass. Aug. 10, 2009) .........................................................................6

*Davol, Inc. v. Atrium Med. Corp.*,
   2013 WL 3013343 (D. Del. June 17, 2013) ......................................................................7, 11

*Englishtown, Inc. v. Rosetta Stone Inc.*,
   962 F. Supp. 2d 355 (D. Mass. 2013) .....................................................................................5

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ...........................................................................................5, 8

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ........................................................................................8

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
   2014 WL 819277 (N.D. Cal. Feb. 28, 2014) .........................................................................10

*Evolutionary Intelligence LLC v. Yelp Inc.*,
   2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ...............................................................6, 8, 13

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ...............................................................................................9

*In re Body Sci. LLC Patent Litig.*,
   2012 WL 5449667 (D. Mass. Nov. 2, 2012) ............................................................... 5, 6

*In re Translogic Technology, Inc.*,
   504 F.3d 1249 (Fed. Cir. 2007) ....................................................................................... 9

*Indus. Tech. Research Inst. v. LG Elecs. Inc.*,
   2013 WL 5180108 (D.N.J. Sept. 12, 2013) ..................................................................... 3

*Internet Patents Corp. v. eBags, Inc.*,
   2013 WL 4609533 (N.D. Cal. Aug. 28, 2013) ................................................................ 8

*Krippelz v. Ford Motor Co.*,
   667 F.3d 1261 (Fed. Cir. 2012) ..................................................................................... 10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   2013 WL 3353984 (D. Del. July 2, 2013) ............................................................... 11, 12

*Network Appliance Inc. v. Sun Microsystems Inc.*,
   2008 WL 2168917 (N.D. Cal. May 23, 2008) ............................................................... 13

*Patlex Corp. v. Mossinghoff*,
   758 F.2d 594 (Fed. Cir. 1985) ......................................................................................... 5

*Pi-Net Int'l, Inc. v. Hertz Corp.*,
   No. 12-cv-10012 (C.D. Cal. June 5, 2013) ................................................................... 13

*Round Rock Research v. Dole Food Co.*,
   2012 WL 1185022 (D. Del. Apr. 6, 2012) ..................................................................... 10

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ........................................................ passim

*SenoRx, Inc. v. Hologic, Inc.*,
   2013 WL 144255 (D. Del. Jan. 11, 2013) .................................................................. 6, 12

*Software Rights Archive, LLC v. Facebook, Inc.*,
   2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) .................................................... 3, 12, 14

*Textron Innovations Inc. v. Toro Co.*,
   2007 WL 7772169 (D. Del. Apr. 25, 2007) .................................................................... 8

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
   250 F. App'x 988 (Fed. Cir. 2007) .................................................................................. 9

*Zillow, Inc. v. Trulia, Inc.*,
   2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ............................................................... 2

*Zond, LLC v. Intel Corp.*,
  No. 13-cv-11570 .................................................................................................... passim

*Zond, LLC v. SK Hynix, Inc.*,
  No. 13-cv-11591 ............................................................................................................1, 5

**STATUTES**

35 U.S.C. § 314..................................................................................................................2, 7

35 U.S.C. § 315.....................................................................................................................10

35 U.S.C. § 316.......................................................................................................................7

35 U.S.C. § 318.......................................................................................................................3

**REGULATIONS**

37 C.F.R. §§ 42.51-42.65........................................................................................................3

37 C.F.R. § 42.100 ..........................................................................................................2, 3, 7

37 C.F.R. § 42.107 ..................................................................................................................7

**OTHER AUTHORITIES**

157 Cong. Rec. S936-02 .........................................................................................................7

H.R. Rep. No. 112-98, pt. 1 (2011)..........................................................................................7

United States Patent and Trademark Office, *Patent Trial and Appeal Board AIA Progress
  Statistics*, http://www.uspto.gov/ip/boards/bpai/stats/aia_statistics_04_24_2014.pdf ..............7

United States Patent and Trademark Office, *Trial Proceeding Statistics*,
  http://www.uspto.gov/ip/boards/bpai/stats/aia_trial_proceedings.pdf......................................7

I.      **INTRODUCTION**

In July 2013, the plaintiff, Zond, Inc. ("Zond"), filed seven cases of patent infringement in this district. In each of those cases, Zond asserted the same seven patents. In one of those cases—this one—Zond also asserted three additional patents. One of the defendants, Intel Corporation ("Intel"), has now filed, or shortly will have completed filing, *inter partes* review ("IPR") petitions with the United States Patent and Trademark Office ("PTO"), demonstrating the invalidity of every claim of seven of the ten patents asserted against defendants, The Gillette Company and The Procter & Gamble Company (collectively, "Gillette").[1] In response to Intel's motion to stay its case pending completion of the IPR process, on April 18, 2014, Judge Stearns entered an order staying the case. In his Order, Judge Stearns explained:

> The Court believes that the IPR process will likely simplify and clarify the dispute for the parties, and the Court will benefit from the expert claim analysis of the PTO. A stay will not significantly disadvantage Zond as it and Intel are not direct competitors. ***Moreover, a stay will promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the reexamination process.***

*Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 120) (emphasis added).

Simultaneously, Judge Stearns also stayed the case that Zond brought against Hynix, in light of the Intel IPRs, even though Hynix had neither brought any IPRs nor moved to stay its case. *Zond, LLC v. SK Hynix, Inc.*, No. 13-cv-11591 (Dkt. No. 66). Judge Stearns stated: "The seven patents-in-suit are subject to a number of petitions for inter partes review (IPR) at the PTO. The Court will stay this case pending the conclusion of the IPR process." *Id.*

---

[1]     Those seven patents are U.S. Patent Nos. 6,853,142 (the "'142 Patent"), 6,806,652 (the "'652 Patent"), 7,604,716 (the "'716 Patent"), 7,147,759 (the "'759 Patent"), 7,811,421 (the "'421 Patent"), 6,805,779 (the "'779 Patent"), and 7,808,184 (the "'184 Patent").

Gillette has now filed, or shortly will have completed filing, *inter partes* review petitions with the PTO demonstrating the invalidity of every claim of the additional three patents that Zond has asserted against Gillette.[2] In addition, as set forth below, Gillette agrees to be bound by the same estoppel as Intel with respect to the seven common patents asserted against both Intel and Gillette.

Accordingly, for the same reasons that Judge Stearns stayed Zond's cases against Intel and Hynix, the Court should stay this case against Gillette. Given Gillette's and Intel's IPR petitions, each of the 125 claims that Zond is asserting against Gillette (and, in fact, every claim of all ten asserted patents) is now or shortly will be subject to the new IPR procedure. Upon institution of these IPR petitions, the PTO will reexamine the validity of the challenged patents, construe the claims of those patents, and either uphold, cancel, or amend the claims.[3] Regardless of the final results of the IPRs, this case will be significantly simplified if it is stayed pending final resolution of the IPRs, for at least four reasons.

*First*, the IPRs will provide clarity about the scope of the asserted claims. Statements made by the patentee and the PTO during an IPR are considered part of the patent prosecution history, which provides intrinsic evidence that guides the Court's interpretation of disputed claim terms. *See Zillow, Inc. v. Trulia, Inc.*, 2013 WL 5530573, at *4 (W.D. Wash. Oct. 7, 2013) ("Additional prosecution history created during reexamination could inform or alter the meaning of claim terms.") (citing *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir.

---

[2]  Those three patents are U.S. Patent Nos. 8,125,155 (the "'155 Patent"), 6,896,773 (the "'773 Patent"), and 6,896,775 (the "'775 Patent").

[3]  The IPR procedure was established by the America Invents Act ("AIA") patent reform legislation in September 2011. It is an adversarial process in which the PTO reexamines the validity of a patent when a petitioner shows a "reasonable likelihood" that the challenged claims are invalid. 35 U.S.C. § 314(a). Upon such a showing, the PTO will construe the claims of the patents and either uphold, cancel, or amend them. Once instituted, the PTO will normally issue a decision within one year. 37 C.F.R. § 42.100(c).

1997)); *Indus. Tech. Research Inst. v. LG Elecs. Inc.*, 2013 WL 5180108, at *8 (D.N.J. Sept. 12, 2013) (granting a stay partly because the additional prosecution history from reexamination would help inform its claim constructions).

*Second*, invalidity issues will be dramatically reduced for the Court, since the petitioner (Gillette) will be estopped from relying on any arguments that were raised or that could have been raised before the PTO during the IPR proceedings.[4] Not only will this estoppel apply to the IPR petitions filed by Gillette, but Gillette agrees to be bound by the same estoppel for the IPRs filed by Intel on the seven common patents-in-suit.  That is, as part of this motion, Gillette agrees to be estopped from relying on any arguments that were raised or that could have been raised before the PTO in the IPRs covering every claim of all ten patents asserted against Gillette.  *See Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) ("[The] Defendants who did not file the IPR petitions have agreed to be bound by the estoppel provisions of the IPR proceedings. . . . Thus, the Court gives the estoppel effect of the proceedings full weight.").

*Third*, a stay will prevent the parties from wasting time and effort by engaging in two parallel trials on identical issues of claim construction and validity.  In essence, "[a] stay effectuates the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued . . . before costly litigation continues." *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013).  The Court should stay this case to further the purpose of the AIA, conserve judicial

---

[4]   The actual IPR is a "paper trial" on invalidity, complete with expert declarations, limited discovery, testimony, claim construction, and briefing from both parties.  37 C.F.R. § 42.100 ("An *inter partes* review is a trial . . . ."); 37 C.F.R. §§ 42.51-42.65.  At the end of an IPR, the PTO issues a written decision.  35 U.S.C. § 318.  Unlike the old procedure, which was conducted by patent examiners, administrative judges at the PTO conduct IPR trials.

resources, and "promote efficiency and economy as the Court and the litigants will be relieved of conducting a costly and time-consuming analysis for present purposes that may well be nullified by the reexamination process."[5] *Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 120).

***Fourth***, as a practical matter, this Court planned for this case to track the schedule that Judge Stearns set in Intel's case in order to simplify claim construction. (*See* Dkt. No. 23.) Now that Intel's case has been stayed, the Court should stay this case so that it remains on the same schedule and preserves the benefits of combined claim construction proceedings. By doing so, claim construction in this case can still be briefed and heard in sync with Judge Stearns' cases, after obtaining the benefit of the expertise of the PTO in construing the claims and considering their validity.

For these reasons, Gillette requests the Court stay this case before May 28, 2014, when the parties are scheduled to exchange proposed claim constructions.

## II. STATEMENT OF FACTS

On January 13, 2014, Zond served infringement contentions accusing the processes by which Gillette makes razor blades of infringing 125 claims of the ten patents-in-suit. Of those ten asserted patents, seven of them also are asserted by Zond against Intel and Hynix in the now-stayed cases pending before Judge Stearns.

Between March 4, 2014 and today, Gillette has filed, or shortly will file, IPR petitions demonstrating the invalidity of all claims of the '155 Patent, the '773 Patent, and the '775 Patent,

---

[5] Gillette also notes that the IPRs may obviate the need for the Court to decide Gillette's motion for summary judgment (Dkt. No. 60) and Gillette's motion for clarification of the Court's December 17, 2013 Scheduling Order (Dkt. No. 40). If the asserted claims are cancelled, Zond will be required to dismiss the case. The Court may also deny these motions as moot with the option to renew them after the IPRs finish, as Judge Stearns did with several pending motions. *See Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. Nos. 122, 123, 124).

including but not limited to those asserted in this case.[6] Intel has filed IPR petitions on all claims of five of the other asserted patents, some claims of a sixth, and shortly will file petitions to invalidate all remaining claims of the other patents-in-suit. *See Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 87 (Intel's Mem. Supp. Mot. Stay) at 3) (Noyes Decl., Ex. B). On March 24, 2014, Intel moved to stay its case pending the outcome of the IPRs. *See id.* (Dkt. No. 86). On April 18, 2014, Judge Stearns granted Intel's motion. *See id.* (Dkt. No. 120). On the same day, Judge Stearns also stayed Zond's case against Hynix. *See Zond, LLC v. SK Hynix, Inc.*, No. 13-cv-11591 (Dkt. No. 66).

Like Intel's case, this case is in its early stages. Opening claim construction briefs are not due until June 18, 2014, and the *Markman* hearing is not scheduled until October 21, 2014. (Dkt. No. 23.) The Court has not set a trial date, a post-*Markman* schedule, or fact and expert discovery deadlines. (*See id.*)

## III. ARGUMENT

The Court's discretion to stay a case is part of its inherent power to manage its docket. *Englishtown, Inc. v. Rosetta Stone Inc.*, 962 F. Supp. 2d 355, 359 (D. Mass. 2013) (Gorton, J.) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Use of this discretion is particularly appropriate when a party asks the PTO to reexamine asserted claims because reexamination promotes a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination." *In re Body Sci. LLC Patent Litig.*, 2012 WL 5449667, at *3 (D. Mass. Nov. 2, 2012); *see also Patlex Corp. v. Mossinghoff*, 758

---

[6] Gillette has filed two IPR petitions to invalidate every claim of the '155 Patent and two petitions to invalidate every claim of the '775 Patent. It has filed one IPR petition to invalidate some claims of the '773 Patent and will soon file a second petition to invalidate the remaining claims of the '773 Patent. Because each IPR petition is roughly 60 pages long, Gillette has submitted only one of its petitions for the Court's reference. *See* Declaration of Christopher R. Noyes in Support of Motion to Stay Pending *Inter Partes* Review by The Gillette Company and The Procter & Gamble Company ("Noyes Decl."), Ex. A.

F.2d 594, 606 (Fed. Cir. 1985). These considerations apply with even more force to the new IPR framework, which allows for expedited reexamination.

The Court should stay this case, which will allow the PTO to conduct its speedy and expert review of the ten patents-in-suit. As Judge Stearns found, all of the factors that courts consider on a motion to stay support that result: (1) a stay will simplify the issues and trial of the case; (2) a stay will not unduly prejudice or tactically disadvantage Zond; and (3) the case is in its early stages. *In re Body Sci. LLC Patent Litig.*, 2012 WL 5449667, at *3; *Cynosure, Inc. v. Cooltouch Inc.*, 2009 WL 2462565, at *2 (D. Mass. Aug. 10, 2009).

### A. Staying This Case Will Simplify The Issues And Promote Judicial Economy

A stay will simplify the issues in this case. It is very likely that one or more—if not all—of the asserted claims will be invalidated or amended. *See, e.g.*, *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *4 (D. Del. Jan. 11, 2013) ("[T]he Court must acknowledge that there is a significant statistical chance that one or more of these claims will be cancelled (and if so, that this litigation would be simplified as a result)."); *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) (finding a "high percentage" that reexamination would alter the claims). As of April 24, 2014, **71%** of IPRs that have proceeded to Final Written Decision resulted in ***cancellation of all claims***. In all, **83%** of claims that have reached Final Written Decision have been cancelled.[7] Accordingly, these IPRs are highly likely

---

[7] These statistics were derived from analysis of the 30 Final Written Decisions issued as of April 24, 2014 in 35 IPR proceedings (five IPR proceedings were joined with other IPR proceedings). The decisions can be found on the PTO's website: https://ptabtrials.uspto.gov. The 35 relevant IPRs are IPR2012-00001, IPR2012-00005, IPR2012-00006, IPR2012-00007, IPR2012-00018, IPR2012-00019, IPR2012-00020, IPR2012-00023, IPR2012-00026/IPR2012-00109 (joined), IPR2012-00027, IPR2012-00042, IPR2013-00004/IPR2013-00257 (joined), IPR2013-00005, IPR2013-00006, IPR2013-00007/IPR2013-00256 (joined), IPR2013-00008, IPR2013-00010, IPR2013-00011, IPR2013-00014, IPR2013-00016, IPR2013-00020, IPR2013-00026, IPR2013-00029, IPR2013-00033, IPR2013-00034, IPR2013-00057, IPR2013-00062/IPR2013-00282 (joined), IPR2013-00072, IPR2013-00074/IPR2013-00286 (joined), and IPR2013-00093.

to reduce substantially the number of claims which will need to be considered during claim construction and at trial. *See Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 120).

Staying this case will simplify issues because the IPR process is a "faster, less costly alternative[]" to litigation. 157 Cong. Rec. S936-02, 2011 WL 691461 (daily ed. Feb. 28, 2011) (statement of Sen. Grassley); H.R. Rep. No. 112-98, pt. 1, at 47 (2011). Consequently, the "refinement of [] issues" achieved through this process "benefit[s] both parties by reducing litigation costs . . . [and] best conserve[s] the court's scarce resources." *Alloc, Inc. v. Unilin Decor N.V.*, 2003 WL 21640372, at *2 (D. Del. July 11, 2003).

Under the expedited IPR schedule, Zond may file a response within three months of a petition's filing—this response alone may help clarify and eliminate issues. The PTO must then decide whether to institute Gillette's and Intel's petitions within three months thereafter, or within six months of filing. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107. If the PTO institutes the petitions—something it has done for nearly ***80%*** of the IPRs filed to date[8]—the PTO must complete its review in twelve to eighteen months and, in all cases, the PTO must render a decision within eighteen to twenty-four months of filing. *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. §§ 42.100, 42.107. Normally, the PTO will complete an IPR within one year of instituting a petition. 37 C.F.R. § 42.100.

A stay will permit the Court and the parties to avoid wasting their resources litigating— and, in particular, conducting claim construction proceedings about—claims that are likely to be cancelled or amended. *See, e.g.*, *Davol, Inc. v. Atrium Med. Corp.*, 2013 WL 3013343, at *5 n.7

---

[8]  *See* United States Patent and Trademark Office, *Patent Trial and Appeal Board AIA Progress Statistics*, http://www.uspto.gov/ip/boards/bpai/stats/aia_statistics_04_24_2014.pdf (Noyes Decl., Ex. C); United States Patent and Trademark Office, *Trial Proceeding Statistics*, http://www.uspto.gov/ip/boards/bpai/stats/aia_trial_proceedings.pdf (Noyes Decl., Ex. D). With such a high institution rate, a stay may be granted before the PTO decides whether to institute Gillette's and Intel's petitions. *See, e.g.*, *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616 (N.D. Cal. Apr. 28, 2014) (Dkt. No. 77) (Noyes Decl., Ex. E).

(D. Del. June 17, 2013) (noting that the PTO cancelled or narrowed claims in the vast majority of reexaminations and that this weighed in favor of a stay).  As one court recognized, "it is more likely than not that at least one of [the challenged] claims will be either cancelled or modified," making "the issues . . . apt to be simplified and streamlined." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012).  Moreover, the Federal Circuit has recognized that a district court and the PTO can easily arrive at different positions on invalidity due to the different standards of proof each uses in its invalidity inquiry.  *Ethicon*, 849 F.2d at 1428-29.  A stay will prevent any potential inconsistency.

Conversely, if this motion is denied and claims are cancelled or amended during the IPRs, the efforts that the Court and the parties will have invested in litigating those claims will have been a waste of time and resources because either the claims will not survive or the process will need to start over again with amended claims.  *See Textron Innovations Inc. v. Toro Co.*, 2007 WL 7772169, at *2 (D. Del. Apr. 25, 2007) ("[T]he Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims."); *Internet Patents Corp. v. eBags, Inc.*, 2013 WL 4609533, at *3 (N.D. Cal. Aug. 28, 2013) (noting that if the PTO "cancels all [] of the asserted claims . . . this action will be rendered moot" and that, even if the PTO "cancel[s] or narrow[s] *any* of the asserted claims . . . the scope of this litigation may be significantly simplified" (emphasis added)); *Evolutionary Intelligence*, 2013 WL 6672451, at *6 (same).[9]

---

[9]     Beyond simplification, the PTO's high rate of cancellation and amendment during reexamination proceedings has been recognized to promote settlement.  *See Akeena Solar Inc. v. Zep Solar Inc.*, 2011 WL 2669453, at *5 (N.D. Cal. July 7, 2011) (continuing a stay pending reexamination because "the PTO's expertise will narrow the scope of any remaining issues, promote settlement, and expedite further proceedings").

The Federal Circuit's decision in *In re Translogic Technology, Inc.*, 504 F.3d 1249 (Fed. Cir. 2007), illustrates the inefficiencies and waste that are likely to result without a stay. In that case, the PTO's reexamination invalidated the asserted claims after the district court granted summary judgment of infringement on some claims and a jury found induced infringement on other claims. *Id.* at 1251. The Federal Circuit vacated the district court's decision and remanded the case for dismissal. *Id.* at 1251, 1262; *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988 (Fed. Cir. 2007). Failing to grant a stay here will risk similar inefficiencies and wasted resources. *See also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1332-33, 1335 (Fed. Cir. 2013) (reversing a jury award and the district court's judgment of infringement as a matter of law due to the PTO's reexamination and subsequent cancellation of asserted claims, noting that the "district court declined to stay" the case on multiple occasions and proceeded to trial despite recognizing that "there will be no issues to try" "if all the claims are invalidated"); *Adrain v. Vigilant Video, Inc.*, 2013 WL 1984369, at *1-2 (E.D. Tex. May 13, 2013) (allowing amendment of plaintiff's infringement contentions, ordering supplemental claim construction briefing, and reopening discovery because the PTO's reexamination cancelled, amended, and added claims after the *Markman* hearing).

Even in the unlikely event that every single one of the hundreds of challenged claims are somehow found valid without any amendment, the IPR proceedings will increase efficiency because the Court and the parties will have the benefit of the PTO's expertise and the additional prosecution history of the IPRs. *See Celorio v. On Demand Books LLC*, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (deciding that, "regardless of the PTO's conclusion, the results of the reexamination proceeding will aid in simplifying or eliminating the overlapping issues before the court"); *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616 (N.D. Cal. Apr.

28, 2014) (Dkt. No. 77) (Noyes Decl., Ex. E) ("[T]he case is likely to be streamlined even if *no* claims are cancelled . . . ."). For example, Zond may argue during the IPRs that its claims be read narrowly or take other positions that could affect claim construction, discovery, dispositive motions, and damages. *See, e.g.*, *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012); *Round Rock Research v. Dole Food Co.*, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012). Absent a stay, the Court will lose the benefit of this additional prosecution history and the parties may have to reopen or completely repeat discovery and claim construction to account for any of the parties' positions and statements from the IPR proceedings.

The IPRs will also significantly simplify the invalidity issues for the Court because Gillette will be estopped from relying on references or arguments that were or could have been raised before the PTO, including those relating to Intel's IPRs.[10] 35 U.S.C. § 315(e)(2); *see Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *2 ("[The] Defendants who did not file the IPR petitions have agreed to be bound by the estoppel provisions of the IPR proceedings. . . . Thus, the Court gives the estoppel effect of the proceedings full weight."); *Autoalert, Inc. v. Dominion Dealer Solutions, LLC*, 2013 U.S. Dist. LEXIS 171890, at *5 (C.D. Cal. May 22, 2013) (same). While some invalidity issues may remain, discovery, expert reports, expert depositions, *Daubert* motions, summary judgment and trial all will benefit significantly from this simplification.

### B. A Stay Of This Proceeding Will Neither Unduly Prejudice Nor Tactically Disadvantage Zond

---

[10] In a recent case, the Northern District of California granted a motion to stay on the condition that the defendant agree to be estopped by the IPRs of third-party petitions challenging the patents-in-suit. *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, at *5-6 (N.D. Cal. Feb. 28, 2014). Gillette has done so here.

Zond will not suffer undue prejudice or a tactical disadvantage from a stay. The parties are not direct competitors, Gillette promptly filed the IPR petitions and this stay request, and any delay resulting from the stay will not prejudice Zond. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *2-3 (D. Del. July 2, 2013) (explaining that "the court has considered a number of sub-factors, including the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties" (internal quotation marks omitted)).

1. *Zond And Gillette Are Not Competitors*

Zond will not be unduly prejudiced by a stay because it does not compete directly—or at all—with Gillette. *Cf. Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 120). Zond manufactures power supplies, a marketplace distinct and separate from the marketplace of Gillette's razor blades. Consequently, a stay will not affect Zond's market share, reduce any profits, or erode any goodwill in the marketplace. *See ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 350-51 (D. Mass. 2011) (noting that staying a case between direct competitors is disfavored because a plaintiff "could lose market share or drop out of the market entirely" during the stay); *Neste Oil OYJ*, 2013 WL 3353984, at *3 (explaining that delaying a case between direct competitors can result in "loss of market share and an erosion of goodwill"); *Davol*, 2013 WL 3013343, at *3-5 (same).

2. *Gillette Has Filed This Motion To Stay And Its IPR Petitions Promptly*

Gillette filed this motion to stay and its IPR petitions promptly—before *Markman* briefing, before a trial has been scheduled, before most discovery has been completed, and less than four months after Zond served its infringement contentions. *See Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *3 (finding that, where defendant had filed IPR petitions within three to four months of receiving infringement contentions, "the need to assess the disputed

claims [was] a valid reason for not filing a petition shortly after the Complaint was filed"). This is a "reasonable amount of time given the complexity of the claims, prosecution history and prior art at issue." *Software Rights Archive*, 2013 WL 5225522, at *6 (finding that IPR petitions filed within four months after plaintiff identified asserted claims was reasonable).

                3.      ***Any Delay Caused By The IPRs And The Stay Will Not Prejudice Zond***

Any delay caused by the IPRs or the requested stay will not unduly prejudice Zond. The IPR petitions have just been or will soon be filed, and Zond will have the opportunity to respond to the IPRs within three months. Within six months of filing, the PTO will make a decision about whether to institute the IPRs. Given the expedited pace of IPRs under the new AIA, the likelihood of institution, and the fact that no trial date has been set, no claim construction has occurred, and limited discovery has taken place, any delay caused by the IPRs and the requested stay cannot result in undue prejudice to Zond. *Neste Oil OYJ*, 2013 WL 3353984, at *2; *Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *3 ("[T]he mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay." (internal quotation marks omitted)).

By contrast, Gillette will suffer significant prejudice if this case proceeds while the IPR proceedings are pending. Gillette will be forced to incur significant costs in connection with discovery and claim construction, all of which might be avoided based on the results of the IPRs. Many or all of the asserted claims are likely to be narrowed or invalidated by the time of trial, such that claim construction of any surviving claims will have to be completely re-done. These considerations weigh strongly in favor of a stay. *See Neste Oil OYJ*, 2013 WL 3353984, at *5 (favoring entering a stay before parties have expended substantial costs in discovery); *SenoRx*, 2013 WL 144255, at *5 (same).

Further, the asserted patents issued between October 19, 2004 and February 28, 2012. Zond waited until July 1, 2013 before filing suit, almost nine years after the first two patents-in-suit issued. Zond can hardly now claim prejudice from the far shorter delay inherent in a stay. *See Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 2168917, at *4 (N.D. Cal. May 23, 2008) (finding no undue prejudice where plaintiff waited nearly three years after announcement of allegedly infringing product, and nearly two years after defendant released product, to file suit).

### C.     The Early Stage Of This Litigation Strongly Favors A Stay

A stay is supported by the fact that this case is still in its early stages: Zond served its infringement disclosures less than four months ago. There is no current deadline for the completion of fact discovery or a schedule for conducting expert discovery. The *Markman* hearing is more than five months away, and no discovery completion dates, expert disclosure dates, summary judgment deadlines, pretrial filing deadlines, or trial dates have been set. Intel's case was in a similar procedural posture when Judge Stearns ordered the stay. *See Zond, LLC v. Intel Corp.*, No. 13-cv-11570 (Dkt. No. 120).

All of these facts weigh strongly in favor of a stay. *See, e.g.*, *Pi-Net Int'l*, 2013 WL 4475940, at *3 (ruling that a stay was favored where only preliminary infringement contentions had been served and there had not been significant discovery); *Pi-Net Int'l, Inc. v. Hertz Corp.*, No. 12-cv-10012 (C.D. Cal. June 5, 2013) (Dkt. No. 31) (Noyes Decl., Ex. F) (ruling that a stay was favored where no depositions or claim construction had occurred, even though written discovery and infringement contentions had been served); *Evolutionary Intelligence*, 2013 WL 6672451, at *1, *4-5; *Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *2 (granting a stay based on the fact that "there is more work ahead of . . . than behind the parties and the Court"). Even if the parties had engaged in substantially more discovery, a stay would be appropriate.

- 13 -

*See, e.g.*, *Software Rights Archive*, 2013 WL 5225522, at *3 (granting a stay despite the production of over 150,000 pages of documents, propounded interrogatories, service of preliminary infringement contentions and invalidity contentions, and review of source code by experts because "discovery is not near completion, only one witness has been deposed, claim construction briefing has not commenced, deadlines for dispositive motions are still months out, and the court has not set a trial date").  A stay will prevent the Court and the parties from expending any more resources on this case unnecessarily.

**IV.    CONCLUSION**

For the foregoing reasons, Gillette respectfully requests that the Court stay this case pending final resolution of the IPRs filed for all ten patents-in-suit.


Dated: May 2, 2014                                Respectfully submitted,

*/s/ Christopher R. Noyes*
Mark G. Matuschak, BBO # 543873
Larissa Bifano Park, BBO # 663105
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Christopher R. Noyes, BBO # 654324
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorneys for Defendants The Gillette Company and The Procter & Gamble Company*

## **CERTIFICATE OF SERVICE**

I, Christopher R. Noyes, hereby certify that on May 2, 2014, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Stay Pending *Inter Partes* Review by The Gillette Company and The Procter & Gamble Company was served by ECF upon all counsel of record for the plaintiff.

                                                       */s/     Christopher R. Noyes*